PHŒBE MILNE, Widow, &c., *v.* F. SCHMIDT.

The Act of the 17th of March, 1852, providing a homestead for the widows and children of deceased persons, is without effect as to creditors whose rights had accrued before the passage of the Act.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*J. H. Holland,* for plaintiff.    *J. Legardeur,* for defendant and appellant.

BUCHANAN, J.    This is a contest between a widow, claiming under the Act of the Legislature, approved March 17th, 1852, entitled "an Act to provide a homestead for the widows and children of deceased persons," and a mortgage creditor of her deceased husband.

The authentic act of special mortgage granted by the deceased *William Milne,* to the appellant, *Barthelemy Bacas,* to secure the payment of a promissory note of said *Milne,* bears date the 27th of February, 1852, consequently before the passage of the homestead law above mentioned.

*Milne* died in June, 1852, intestate, and *François Schmidt* was appointed administrator of his estate, with the consent of *Milne's* widow, plaintiff herein. *Schmidt* rendered an account of his administration on the 7th July, 1853, which was opposed by the widow, and her opposition overruled by judgment of the 28th January, 1854. From this judgment, the widow did not appeal; but brought suit on the 16th of May, 1854, to make the appellant, *Bacas,* and other creditors of her husband's estate, refund what had been allowed and paid to them under the account of administration.

The appellant *Bacas,* among other matters of defence to plaintiff's action, pleaded that it was barred by her previous appearance as an opponent of the administrator's account; and in this court urges as error, apparent on the face of the record, that his mortgage was anterior in date to the Act of the Legislature, under which plaintiff claims.

It is only necessary for us to notice the last mentioned point, upon which, the authority of the case of *Taylor's succession,* 10 An. 509, is conclusive against the plaintiff and appellee.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, so far as regards *Barthelemy Bacas,* the appellant; and that there be judgment in favor of the said *Barthelemy Bacas,* against the plaintiff and appellee, with costs in both courts.